INSURANCE LITIGATORS & COUNSELORS, PLC.
JOSEPH JOHN TURRI (SBN 181994)
P.O. BOX 940
UKIAH, CA 95482
Phone: (707) 462-6117
Fax; (707) 230-5525
insterminator@aol.com
*Attorney Pro Hac Vice for Plaintiffs*

LAW OFFICE OF BRANDON C. MARX
Brandon C. Marx, ABA No. 0309039
408 Oja Way, Sute B
PO Box 6171
Sitka, Alaska 99835
Phone: (907) 747-7100
Fax: (907) 966-3100
marxlaw@gci.net
Attorneys for Plaintiffs,

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT NOME

| | |
|---|---|
| Arron Gustafson and Gary Gustafson, <br><br> Plaintiffs, <br><br> vs. <br><br> Jason Bowman & <br> Subsistence Placers LLC., <br><br> Defendants. | Case No. 2:18-cv- <br><br> COMPLAINT FOR DECLARATORY, RELIEF, DAMAGES & INJUNCTIVE RELIEF FOR: BREACH OF COVENANT & NUISANCE & IN THE ALTERNATIVE SEEKING RECISSION |

Plaintiffs allege:

## PARTIES

1. Plaintiffs, Arron Gustafson, (Hereinafter "Arron") and Arron's father and Co-Plaintiff, Gary Gustafson (Hereinafter "Gary"), throughout the relevant time period, were and remain residents of the State of Arizona. They also are parties to agreements that assigned to

COMPLAINT
Case No. 2:18-cv-_____
Gustafson v. Bowman, Subsistence Placers LLC

Defendant, Subsistence Placers LLC., an Alaskan mining lease claim identified as Lease Block 598751 (located offshore of Nome Alaska) in exchange for the permanent right to mine on Lease Block # 598751 ("LEASE"), as well as 56 other claims located owned by Subsistence Placers LLC ("CLAIMS"). The agreement was effective on May 2, 2009 and is binding to all new owners and successors of these Alaskan CLAIMS. A true and correct copy of said agreements which describe the leases and claims at issue herein are attached hereto as EXHIBIT 1 and are incorporated herein as if fully restated ("Mining Agreement"). The Mining Agreement was duly recorded in the office of the district recorder in Nome, Alaska in January of 2013.

2. Defendant, Jason Bowman, (hereinafter, "Bowman") at all relevant times was and remains a resident of Napa, California and became the subsequent owner of Claim # 611836 (one of the claims included in the agreements at issue, (EXHIBIT 1) when the claim was transferred from Subsistence Placers LLC, to Bowman on or about October 21, 2013.

3. Defendant, Subsistence Placers LLC., (Hereinafter "Subsistence") is a Limited Liability Company organized under the laws of the State of Alaska and its principal place of business is located in Nome Alaska.

## VENUE AND JURISDICTION

4. This court has diversity jurisdiction under 28 USCS § 1332(a), which states, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States." The amount in controversy in this action exceeds $75,000, exclusive of interest and costs and is an action between citizens of different

COMPLAINT
Case No. 2:18-cv-_____
Gustafson v. Bowman, Subsistence Placers LLC

states. Plaintiffs are from Arizona. One of the Defendants is a resident of California and the other has its primary place of business located in Nome Alaska.

5. Venue is proper in this Court as provided by 28 USCS § 1391(b), which states, in pertinent part, "(b)…(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. In this action the claims at issue are located of the shore of Nome Alaska and one of the Defendants is Subsistence, which is organized under the laws of Alaska with its principal place of business located in Nome Alaska.

## FACTUAL BASIS

6. This case arises out of a refusal by Subsistence and Subsistence's successors in interest to honor the express terms of the Mining Agreement. The parties to the Mining Agreement intended for the rights and responsibilities of the Mining Agreement to bind "all new owners and successors of these claims and lease." At all relevant times the Plaintiffs were ready, willing and able to conduct mining operations on the CLAIMS and, in the beginning, all the parties performed as required. In addition, Plaintiffs have fulfilled all of their obligations under the Mining Agreement and all conditions precedent, except those that have been excused or waived by Defendants.

7. On June 1, 2009, Subsistence signed authorization documents for Arron and Gary to mine on all 56 of the CLAIMS and the LEASE. The dates on the authorizations were left blank, so Plaintiffs could file them as needed. The State of Alaska's Department of Natural Resources (hereinafter, "DNR") throughout the years routinely changed the form and contents of

authorizations they would require the miners to have from the claim owners in order to mine on the claims; thus, new and updated authorizations were and are routinely required by the DNR.

8. On June 19, 2009 Subsistence sold some of the 56 CLAIMS upon which Arron and Gary owned the right to mine pursuant to the Mining Agreement; which binds all successors and assigns of these claims. Between 2010 and 2015 Subsistence sold more of the 56 CLAIMS covered by the Mining Agreement.

9. During that period of time in 2014, Subsistence issued new authorizations as required by the DNR to Arron's and Gary's assign Rayson LLC, to allow that company to mine on the CLAIMS. In 2015 DNR again changed and modified the authorization requirements for miners to operate on the CLAIMS; also, in 2015, Subsistence reacquires and/or repossesses some of the CLAIMS and LEASE it had previously assigned to others that were covered by the May 2, 2009, agreement.

10. After Bowman purchased claim # 611836, Gary requested Bowman (through one of Bowman's agents) to sign the necessary authorization form as required by the DNR that would allow Plaintiff's operator to begin mining. Receiving no response, Gary had his attorney in late February or early March of 2015 contact Bowman. On March 12, 2015, Bowman for the first time notified Gary's attorney that he decided he was not required to honor the agreement and he refused to sign the required authorizations. He claimed the permanent authorization referenced in paragraph 1, (EXHIBIT 1) was not binding on him and he was not obligated to sign documents that would have allowed the Plaintiffs to mine the claim [Claim # 611836] and receive the benefit of the May 2, 2009 agreement. Plaintiff again in mid-2015 requested Bowman

to execute the documents necessary to allow Plaintiffs to utilize the authorization to mine for which Plaintiffs in good faith had given considerable consideration; and Bowman again refused.

11. As a result of that refusal, Gary filed an action against Bowman and during that action it was discovered that Subsistence, through Michael Benchoff (managing member; hereinafter, "Benchoff"), had represented to Bowman that he was not obligated to recognize the assignment given to Gary or Arron. As such, Bowman refused to perform as required and did not allow the Plaintiff to receive the benefit of the bargain as contained in the May 2, 2009 agreement. As a result, Plaintiffs, lost over 150 days of mining and profits due to Defendants' wrongful conduct. Those lost profits exceeded $150,000, with the actual amount to be proven at trial.

12. To compound the losses imposed upon Plaintiffs by the Defendants' wrongful conduct Bowman lost the claim [Claim # 611836] in 2017 because he did not timely file the required paper work, reports or pay the fees owed to the State of Alaska as required under the agreements. All of which means the Plaintiffs have forever lost the opportunity to receive the benefit under the Mining Agreement.

13. In March of 2015 Subsistence sold another claim covered by the Mining Agreement to Jason Walker, and Plaintiff made numerous attempts to get an authorization from Jason Walker, only to be rebuffed and advised that he (Walker) needed Subsistence, (Benchoff) to approve the issuance of the authorization, notwithstanding the clear language of EXHIBIT 1. No authorizations were ultimately signed or approved by Walker or Subsistence.

14. In June of 2015 Plaintiffs sent a certified letter to Subsistence at their listed address requesting the new authorizations required by DNR and received no response. Plaintiffs

COMPLAINT
Case No. 2:18-cv-_____
Gustafson v. Bowman, Subsistence Placers LLC

have made numerous attempts to get the required authorizations from Subsistence and their successors in interest to the CLAIMS with no success. The authorizations that were requested have not been provided as of the date of this complaint.

15. Plaintiffs have requested that the Defendants and their successors in interest execute the authorization forms that would allow them to utilize their authorizations to mine as required under the Mining Agreement; yet the Defendants and/or their successors have refused to comply with Plaintiffs' requests and instead to this day refuse to perform as required.

16. Defendants have willfully, wrongfully and/or in bad-faith, maliciously breached the Mining Agreement by refusing to cooperate in the execution of documents necessary for Plaintiffs to mine the claims purchased under the terms of the Mining Agreement.

17. Defendants, however, contend they have no obligation to execute the required forms that would allow Plaintiffs to receive the benefit of their bargain and mine the claims they obtained from Defendants under the Mining Agreement.

18. Plaintiffs recently discovered that Subsistence, through its representative, Benchoff, have slandered Plaintiff's title and right to mine the CLAIMS. Subsistence has specifically advised the new claim owners they do not have to cooperate with Plaintiff or issue new authorizations pursuant to the Mining Agreement. Furthermore, Subsistence maintains it does not have to provide authorizations to Plaintiffs under the Mining Agreement.

19. Therefore, an actual controversy exists between the parties, and Plaintiffs desire a judicial determination of their rights and duties, and a declaration as to which party's interpretation of the Mining Agreement is correct.

COMPLAINT
Case No. 2:18-cv-_____
Gustafson v. Bowman, Subsistence Placers LLC

20. A judicial declaration is necessary and appropriate in order that the Plaintiffs and Defendants may ascertain their respective rights and duties under the written agreement.

21. As a proximate result of the aforementioned conduct on the part of the Defendants, the Plaintiffs have suffered actual and consequential damages and out-of-pocket costs as well as the other foreseeable economic losses in pursing this action, all of which have damaged Plaintiffs in an amount subject to proof at the time of trial, but in excess of $250,000.00, exclusive of fees, cost and interest.

22. The complaint mentioned above which was filed in California and was dismissed by Plaintiff without prejudice, as Subsistence could not be made to appear due to lack of personal jurisdiction. However, the service of that pleading in that action sought rescission and served as notice and/or offer or both by Plaintiff to Defendants to effectuate said rescission. Plaintiffs again make said offer of rescission as well as seek the additional damages and remedies including but not limited to all those as allowed under the law and in equity.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief)**
**All Plaintiffs as to all Defendants.**

23. Plaintiffs re-allege as if fully restated herein Paragraphs 1 through 22.

24. Defendants, are obligated by contract to give the authorizations as required by the DNR, to the Plaintiff(s), his heirs, successors, and assigns in order to allow Plaintiff(s) to conduct mining operations on the claims at issue.

25. Defendants have breached the agreement as described above causing the Plaintiffs to suffer damages.

COMPLAINT
Case No. 2:18-cv-_____
Gustafson v. Bowman, Subsistence Placers LLC

26. Yet, Defendants continue to deny they have breached those agreements and deny they are obligated to execute the necessary authorization forms required by the DNR as requested by Plaintiffs to allow Plaintiffs to mine on the CLAIMS. This controversy is tying up Plaintiffs' utilization of their mining rights on the CLAIMS and causing them to incur significant lost profits.

27. A judicial declaration is therefore necessary and appropriate at this time, so the parties may ascertain and enforce their rights and duties under the Mining Agreement (EXHIBIT 1) and the Plaintiff's may receive the benefit of their bargain.

## SECOND CAUSE OF ACTION
### (Breach of Covenant, Count One)
### Plaintiff, Gary Gustafson, as to Defendant Jason Bowman.

28. Plaintiff re-alleges as if fully restated herein Paragraphs 1-22.

29. Defendant, Bowman, is bound by covenants in the Mining Agreement that run with the land and bind successors in interest of Subsistence. These covenants obligate Bowman to cooperate with the DNR permitting process to allow Plaintiff to conduct mining operations on the CLAIMS he purchased from Subsistence.

30. Bowman has breached this affirmative covenant on numerous occasions.

31. As a result of Bowman's breach, Plaintiff has suffered damages in an amount exceeding $150,000.00 exclusive of fees costs and interest and in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Breach of Covenant, Count Two)
### All Plaintiffs as to Defendant Subsistence Placers LLC.

32. Plaintiffs re-allege as if fully restated herein Paragraphs 1-31.

COMPLAINT
Case No. 2:18-cv-_____
Gustafson v. Bowman, Subsistence Placers LLC

33. According to the terms of the Mining Agreement, attached at EXHIBIT 1, the Defendant Subsistence Placers LLC must give authorizations to the Plaintiff(s) to conduct mining operations on the respective claims.

34. Subsistence Placers LLC breached this covenant on numerous occasions causing Plaintiffs to suffer damages in an amount exceeding $250,000.00, exclusive of fees, costs and interest and in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### Nuisance (AS § 09.45.230)
### All Plaintiffs as to All Defendants

35. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-34.

36. Defendants themselves and through their agents and assigns have unreasonably interfered with Plaintiff's reasonable use and enjoyment of their mining and property rights in the CLAIMS damaging Plaintiff and requiring injunctive relief.

## FOURTH CAUSE OF ACTION
### (Breach of Good Faith & Fair Dealing)
### All Plaintiffs as To Defendants Bowman & Subsistence Placers LLC

37. All contracts in Alaska contain a covenant of good faith and fair dealing.

38. Defendants acted in bad faith and failed to deal fairly with Plaintiffs by refusing to cooperate in the execution of documents that frustrated the purpose of the parties' Mining Agreement.

39. Defendants acted in bad faith under the Mining Agreement by conspiring with its successors and assigns to frustrate the purpose of the Mining Agreement and prevent the Plaintiffs from getting the benefit of their bargain.

40. Defendants' breach caused the Plaintiffs significant financial harm in an amount to be proven at trial.

WHEREFORE, plaintiffs pray for the following relief:

### As to the First Cause of Action

A.  For a declaration that the parties' Mining Agreement obligates Defendants, and Defendants' successors and assigns, to execute documents, as may be required by the DNR, authorizing Plaintiff(s), their heirs, successors, and assigns the to conduct mining operations on the claims at issue in the Mining Agreement (EXHIBIT 1);

B.  For fees and costs of suit herein incurred;

C.  For such other and further relief as the Court deems just and proper.

### As to the Second Cause of Action

D.  For compensatory damages exceeding $250,000 for Subsistence and exceeding $150,000 for Bowman, but in an actual amount to be proved at trial;

E.  For fees and costs of suit herein incurred;

F.  Alternatively, rescission, damages and other equitable remedies as the Court deems just and proper.

G.  For such other and further relief as the court may deem proper.

### As to the Third Cause of Action

H.  For an order finding Defendants unreasonably interfered with Plaintiff's reasonable use and enjoyment and enjoining Defendants from further interference.

L.  For such other and further relief as the Court deems just and proper.

### As to the Fourth Cause of Action

M.  For compensatory damages exceeding $250,000, and to be proved at trial;

N.  For fees and costs of suit herein incurred.

Respectfully Submitted this 1st day of March, 2018.

        INSURANCE LITIGATORS & COUNSELORS, PLC.
        By: ___/s/_*Joseph John Turri*
        Joseph J. Turri, (SBN 181994)
        *Attorney Pro Hac Vice for Plaintiffs*

        LAW OFFICE OF BRANDON C. MARX
        Brandon C. Marx, ABA No. 0309039
        408 Oja Way, Sute B
        PO Box 6171
        Sitka, Alaska 99835
        Phone: (907) 747-7100
        Fax: (907) 966-3100
        marxlaw@gci.net
        *Attorney for Plaintiffs*

COMPLAINT
Case No. 2:18-cv-_____
Gustafson v. Bowman, Subsistence Placers LLC