# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | | |
|---|---|---|
| Aaron Gustafson and Gary Gustafson, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:18-cv-00001 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| Jason Bowman and Subsistence Placers LLC, | ) | [Re: Motion at docket 13] |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION PRESENTED

At docket 13 defendant Jason Bowman ("Bowman") moves to set aside his default which was entered by the Clerk on April 26, 2018, at docket 11. The motion is supported by the Declaration of Bradley Jameson ("Jameson") at docket 14. At docket 15 plaintiffs Aaron Gustafson and Gary Gustafson ("Plaintiffs") oppose the motion. The opposition is supported by the Declaration of John Joseph Turri ("Turri") at docket 16 and the Declaration of Brandon C. Marx ("Marx") at docket 17. Bowman replies at docket 21. Oral argument was not requested and would not assist the court.

## BACKGROUND

Plaintiffs sued Bowman seeking a declaration that Bowman is required by contract to execute an authorization allowing Plaintiffs to commence mining on a placer mining claim known as Claim # 611836 which he had purchased from Subsistence Placers LLC. Plaintiffs also seek compensatory damages from Bowman in an amount exceeding $150,000. Plaintiffs named Subsistence Placers LLC as a co-defendant but to date have not served process on that entity.

The complaint was filed on March 2, 2018. Bowman was served in person on April 3, 2018, in Napa, California.[1] Bowman's answer to the complaint was due April 24, 2018. He did not file an answer. Plaintiffs moved for the entry of Bowman's default on April 25, 2018. The Clerk entered Bowman's default the next day.

A similar lawsuit was filed by Gary Gustafson, one of the Plaintiffs here, against Bowman in 2015 in California. In that case Gary Gustafson was represented by Turri, a California lawyer who is one of the lawyers representing Plaintiffs in this case. Bowman was represented in the California case by Jameson, another California lawyer. After being served in the case at bar, Bowman contacted Jameson who helped find an Alaska lawyer for Bowman. Apparently unfamiliar with the Federal Rules of Civil Procedure, Jameson assumed that Bowman had 30 days in which to respond to the complaint, which would have been May 2, 2018. On April 27, Jameson contacted Turri

---

[1] Both parties mistakenly assert that Bowman was served on April 2, 2018. That is the date a deputy clerk signed the summons, but the actual date of service as shown on page 2 of docket 6 was April 3, 2018.

seeking an extension of time in which to respond to the complaint because Bowman still

had not retained an Alaska lawyer.   Turri responded on April 28, 2018, advising that

Bowman's default had already been entered.   Jameson suggested that the parties

stipulate to set aside the default.   On April 30, 2018, Turri advised Jameson that he

would encourage his clients to agree to set aside the default if Bowman paid the sum of

$700.   Jameson neither accepted nor rejected the $700 payment Turri suggested.   By

May 3, 2018, Turri had his clients' consent to set aside the default in exchange for the

$700, but was unable to promptly communicate that information to Jameson as a result

of circumstances beyond Turri's control.

## STANDARD OF REVIEW

A district court may set aside a default pursuant to Fed. R. Civ. P. 55(c) for good

cause.   When evaluating a motion to set aside default, the district court should

consider: (1) whether the movant engaged in culpable conduct leading to the entry of

movant's default; (2) whether the movant possesses a meritorious defense; and (3)

whether granting the motion will prejudice the plaintiff.[2]

## DISCUSSION

Plaintiffs contend that because Bowman knew he had been sued but did not

timely respond to the complaint, his conduct was culpable.   The situation is more

nuanced than Plaintiffs suggest.   The Ninth Circuit has explained:   "The usual

---

[2] *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir.
2004).   These same three "Falk" factors are applied when a party seeks to set aside a default
judgment.   *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011).

articulation of the governing standard, oft repeated in our cases, is that 'a defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and *intentionally* failed to answer.'"[3]  Elaborating, the appellate court wrote: "A neglectful failure to answer as to which a defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional' . . . —although it certainly may be, once the equitable factors are considered—culpable or inexcusable."[4]

Here, there is no evidence that Bowman intended to take advantage of Plaintiffs, interfere with this court's decision-making, or manipulate the judicial process.  To the contrary, the purpose of his actions was to afford the court an opportunity to decide the parties' dispute on the merits.  There are no equitable considerations which operate to convert Bowman's purpose into a culpable one.

Plaintiffs rely on *Speiser, Krause & Modol PC v. Ortiz*[5] to support their argument that Bowman's conduct was culpable.  In *Speiser*, the defendant, Ortiz, was a lawyer who had been sued in state court in a dispute about the division of attorneys' fees between the plaintiff law firm and Ortiz.  The plaintiff sent a letter to Ortiz advising that it

---

[3] *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir 2001) (emphasis in original) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *overruling on other grounds by* Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001).

[4] *Id*. at 697-98 (emphasis in original).

[5] 271 F.3d 884, 887 (9th Cir. 2001).

intended to seek the entry of default if Ortiz did not timely answer the complaint.

Thereafter, Ortiz removed the case to federal court. The time for Ortiz to respond to

the complaint in the removed case was governed by Fed. R. Civ. P. 81(c). Ortiz did not

timely respond; the law firm moved for entry of default; and the clerk entered Ortiz's

default. Ortiz admitted he did not read Rule 81(c) well enough to understand it. The

district court held that Ortiz's failure to timely respond to the complaint was culpable and

entered a default judgment.

On appeal, the Ninth Circuit observed: "Ortiz briefly alludes to the good cause

standard regarding defaults. . . . That standard is less rigorous than excusable neglect.

. . . The distinction, however, is one of degree, which might make a difference at the

margin. But the failure of this lawyer, who was the removing party, to properly read the

clear language of Rule 81(c) does not amount to good cause either."[6] The appellate

court then affirmed the district court's decision, but also noted: "Here the district court

would not necessarily have erred had it decided that excusable neglect (or good cause)

was shown. But it decided that neither was. That conclusion was certainly not error."[7]

Ortiz's conduct in *Speiser* is clearly distinguishable from Bowman's conduct.

Ortiz was warned that a default would be sought before an application for default was

made. Bowman was given no warning. While Ortiz's first action in response to the

complaint against him in state court was to remove the case to federal court, Bowman's

---

[6] *Id.*

[7] *Id.*

first action undertaken with Jameson's help was finding an attorney to represent him in Alaska.   While Ortiz, as the party invoking federal jurisdiction, proceeded to ignore the Federal Rules of Civil Procedure, Bowman and Jameson overlooked a procedural rule in a court whose jurisdiction Bowman had not invoked.   This court's decision that Bowman's conduct is not culpable is easily reconciled with the *Speiser* court's affirmance of the trial court's decision that Ortiz's conduct was culpable.

Plaintiffs contend that Bowman has no meritorious defense to their claims against him.   This contention is overcome by Bowman's presentation of reasons and authorities showing that he does have a meritorious defense.[8]   The court adopts Bowman's reasoning and authorities cited in support thereof as the rationale for concluding that, for purposes of Rule 55(c), Bowman has a meritorious defense.

Plaintiffs concede that Bowman's best argument concerns prejudice.   They point to no prejudice save delay and concede that mere delay does not ordinarily amount to prejudice in a Rule 55(c) analysis.   The court agrees and notes that the amount of delay introduced by the motion to set aside the default in this case is minimal.

Plaintiffs do, however, urge the court to consider the expense to which Plaintiffs have been put by the need to first seek a default, and then litigate the motion to set aside the default.   The Ninth Circuit has approved a trial court's decision to condition setting aside a default upon payment of a plaintiff's attorneys' fees.[9]   Here, Plaintiffs

---

[8]  *See* doc. 21 at pp. 3-4.

[9]  *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988).

seek a total of $3,179 in fees as an appropriate condition for setting aside the default.

This consists of $900 in fees charged by Turri and $2,279 in fees for Marx.[10]

Plaintiffs contend that had Jameson and Bowman acted more reasonably, relief

from default could have been had thru Bowman's payment of $700.   Bowman's position

is that had Turri and Plaintiffs been more reasonable there would have been no need for

the motion to set aside the default.   In the court's view, the parties are equally

responsible for the circumstances which led to the motion to set aside the default.

Bowman argues that the amount of fees sought is excessive.   Bowman cites no

authority for the proposition that an award of fees in the Rule 55(c) context should be

limited to reasonable fees.   However, in most, if not all, other contexts an award of fees

is limited to reasonable fees.[11]   An award of fees in the matter at hand will be limited to

reasonable fees.

Bowman argues that the fees and costs sought for preparing and filing the

motion for entry of default are excessive.   Turri's declaration states that he prepared

and forwarded the documents needed for the motion seeking entry of default to Marx for

which Turri billed $900.[12]   The total sought by Marx relating to the entry of default

consists of $375 in attorney's fees and $20 in what appears to be paralegal time.

---

[10] Doc. 16 at ¶ 12 (Declaration of Turri); doc. 17-1 (Ex. 1 to Declaration of Marx).

[11] *See, e.g.*, Fed. R. Civ. P. 30(d)(2); Fed. R. Civ. P. 37(a)(5)(A),(B); Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(f).

[12] Docket 16 at ¶ 12 (Declaration of Turri).

Thus, between Turri and Marx, Plaintiffs seek a total of $1,295 for the motion seeking entry of default.   The motion consists of a grand total of eleven lines of text.   The fees sought for this work are excessive.   The court considers an award of $300 for this work to be reasonable.

The court has already rejected Bowman's contention that Turri and Plaintiffs are responsible for necessitating Bowman's motion to set aside the default.   Bowman offers no argument that the amount of fees associated with Plaintiffs' opposition to the motion is unreasonable.   The court sees no basis upon which to conclude the actual fees for the opposition are unreasonable.   It follows that the court will award reasonable fees of $2,164 consisting of $300 for the motion for entry of default and $1,964 for the opposition to the motion to set aside the default.

## **CONCLUSION**

For the reasons set forth above, the motion at docket 13 is GRANTED; Bowman's default is set aside.   It is FURTHER ORDERED that Bowman shall tender payment of $2,164 to counsel for Plaintiffs within 21 days from the date this order is filed.

DATED this 28th day of May 2018.

/s/   JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT